**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

**Retail Clerks Union Local No. 1059 Retail Clerks International Union, AFL–CIO, Intervenor,**

v.

**C & E STORES, INC., C & E SUPER- VALUE DIVISION, Respondent.**

No. 77–1563.

United States Court of Appeals, Sixth Circuit.

Argued June 6, 1977.

Decided Dec. 20, 1979.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Michael Winer, Edward Dorsey, Washington, D.C., Emil C. Farkas, Director Region 9, N.L.R.B., Cincinnati, Ohio, for petitioner.

Leonard Sigall, Reynoldsburg, Ohio, for intervenor.

Claire M. Ball, Jr., Jones & Ball, Athens, Ohio, Stuart Gordon, Allan E. Roth, Warren H. Morse, Porter, Wright, Morris & Arthur, Columbus, Ohio, for respondent.

Before EDWARDS, Chief Circuit Judge, and ENGEL and BROWN, Circuit Judges.

## ORDER

This matter is before the court upon the application of the NLRB for enforcement of an order issued against C & E Stores, Incorporated, C & E Supervalue Division, on June 6, 1979. The NLRB found that the respondent company: (1) prevented the full reinstatement of employees who participated in an unfair labor practices strike by failing to discharge striker replacements; (2) failed to reinstate certain employees to equivalent jobs at equivalent pay; (3) discriminatorily laid off certain employees, and discharged others due to their union activities; and (4) discriminatorily assigned certain employees onerous and burdensome hours in retaliation for union activity, including harassment through the issuance of written warnings. *See* 229 NLRB 179 (1977).

In an earlier finding, the Board determined that the strike against the Company was due to unfair labor practices. That finding was not disputed by the Company, which agreed to comply with the terms of the order by reinstating the striking employees. Therefore, the Board did not seek enforcement of that order. 221 NLRB 1321 (1976). The instant action arose after the unfair labor practice striking employees had been reinstated.

In addition to ordering that all reinstated employees be made whole for any loss of earnings suffered by the Company's actions, including reinstatement of laid off employees to their former positions with back wages, the Board also determined that the unfair labor practices had impeded the election process by undermining the majority support enjoyed by the union prior to those actions. The Board, therefore, ordered the Company to bargain with the union without first holding an election, in accordance with *NLRB v. Gissel Packing Co.*, 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1968).

The respondent company contests the factual basis for the Board's finding of violations committed by the Company, and particularly asserts on appeal that the Board abused its discretion in determining that the appropriate bargaining unit be limited to the Company's grocery operation, excepting the Meat Department employees. The Company instead urged that the appropriate unit should include all employees in C & E's four other locations: the hardware store, tire center, auto parts and appliance store, and the farm operation. Respondent further asserts that lack of union support among the employees of the suggested larger unit renders the *Gissel* order inappropriate.

 Upon a careful review of the record as a whole, the court is of the opinion that substantial evidence supports the findings of the Board in this labor dispute. Further, the court finds that the Board did not abuse its discretion in its determination of the appropriate bargaining unit, or in ordering the Company to bargain with that unit without first ordering that an election be held. Accordingly,

IT IS ORDERED that the application of the Board is granted and the Board's order is enforced in full.